IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-10076
Summary Calendar
_____


MICHAEL JAMES HOLLOWAY,

                                        Plaintiff-Appellant,


versus

JACK W. KYLE ET AL.,

                                        Defendants-Appellees.


- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:96-CV-468
- - - - - - - - - -
August 26, 1997
Before GARWOOD, JONES and STEWART, Circuit Judges.

PER CURIAM:[*]

     Michael James Holloway, Texas prisoner # 3225491, appeals
the dismissal of his civil rights suit pursuant to 28 U.S.C.
§ 1915(e)(2)(B).  He contends that the defendants violated his
constitutional rights by failing to provide at the Pampa
Intermediate Sanction Facility programs he asserts are required
by Texas law and available at other community residential
facilities.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

We have reviewed the record and brief and conclude

that Holloway has identified no error in the dismissal.  See

Holloway v. Kyle, No. 2:96-CV-468 (N.D. Tex. Dec. 23, 1996).

Holloway's appeal is frivolous and is DISMISSED.  Howard v. King,

707 F.2d 215, 219-20 (5th Cir. 1983); see 5th Cir. R. 42.2.

As noted by the district court in its order of dismissal,

this is not the first complaint or appeal filed by Holloway which

has been dismissed as frivolous.  See Holloway v. Kyle, No. 3:96-

CV-2093 (N.D. Tex. Aug. 27, 1996) (civil rights complaint

dismissed by district court as frivolous and for failure to state

a claim); Holloway v. Kyle, No. 2:96-CV-02094 (N.D. Tex. Sep. 12,

1996) (district court dismissed complaint as frivolous).

A prisoner may not

> bring a civil action or appeal a judgment in
> a civil action or proceeding under this
> section if the prisoner has, on 3 or more
> prior occasions, while incarcerated or
> detained in any facility, brought an action
> or appeal in a court of the United States
> that was dismissed on the grounds that it is
> frivolous, malicious, or fails to state a
> claim upon which relief may be granted,
> unless the prisoner is under imminent danger
> of serious physical injury.

28 U.S.C. § 1915(g).  Including the dismissal of this suit and

this appeal, Holloway has four "strikes."  See Adepegba v.

Hammons, 103 F.3d 383, 386-88 (5th Cir. 1996).  Therefore, except

for cases involving an imminent danger of serious physical

injury, § 1915(g) bars Holloway from proceeding further under

§ 1915.  He may proceed in subsequent civil cases under the fee provisions of 28 U.S.C. §§ 1911-14 applicable to everyone else.

We caution Holloway that, even if he pays the filing fee, any additional frivolous appeals filed by him will invite the imposition of sanctions.  To avoid sanctions, Holloway is further cautioned to review any pending appeals to ensure that they do not raise arguments that are frivolous.

APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR ORDERED; SANCTIONS WARNING ISSUED.